IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MICHAEL NIKIETH MILES,** | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 5:24-CV-00326-MTT-CHW |
| VS. | : | |
| | : | |
| **MACON STATE PRISON WARDEN,** | : | |
| | : | |
| Respondent. | : | |
| | : | |

## ORDER OF DISMISSAL

*Pro se* Petitioner Michael Nikieth Miles, a prisoner at Macon State Prison in Oglethorpe, Georgia, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 1999 conviction in the Superior Court of Muscogee County, Georgia. ECF No. 1. However, a review of this Court's records reveals that Petitioner has filed previous federal habeas corpus petitions challenging this same conviction. *See Miles v. Olens,* Case No. 4:12-cv-00132-CDL (M.D. Ga. July 1, 2013) (dismissed pursuant to § 2254(b) as untimely); *Miles v. Smith,* Case No. 4:23-cv-00059-CDL (M.D. Ga. May 18, 2023) (dismissed as an impermissible successive petition).

"Before a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000). The instant Petition is considered successive within the

meaning of § 2244(b).  *See, e.g., Leal Garcia v. Quarterman*, 573 F.3d 214, 222 (5th Cir. 2009) (noting that "[l]ater habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the requirements for authorization under § 2244").  It does not appear and Petitioner does not allege that he has received an order from a three-judge panel of the Eleventh Circuit Court of Appeals authorizing this Court to consider a successive habeas petition for this conviction.[1]  Without such an order, this Court lacks jurisdiction to consider the successive claims.  *See* § 2244(b)(3)(A); *Gilreath v. State Bd. of Pardons & Paroles*, 273 F.3d 932, 933–34 (11th Cir. 2001) (per curiam).  It is therefore **ORDERED** that the instant Petition be **DISMISSED** without prejudice to Petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to § 2244(b)(3).[2]  Petitioner's motion for the appointment of an attorney (ECF No. 2) is **DENIED as moot**.

    **SO ORDERED**, this 24th day of September, 2024.

                                       S/ Marc T. Treadwell
                                       MARC T. TREADWELL, JUDGE
                                       UNITED STATES DISTRICT COURT

---

[1] Indeed, Petitioner's last request to file a second or successive petition was denied by the Eleventh Circuit Court of Appeals.  *In re: Michael N. Miles,* No. 23-12124 (11th Cir. July 1, 2023).

[2] "[A] dismissal of a successive habeas petition for lack of subject-matter jurisdiction does not constitute a 'final order in a habeas proceeding' for purposes of 28 U.S.C. § 2253(c)   Instead, such a dismissal is a 'final decision' pursuant to 28 U.S.C. § 1291 and a [Certificate of Appealability] is thus 'unnecessary'".  *Bolin v. Sec'y, Fla. Dep't of Corrs.*, 628 F. App'x 728, 730 (11th Cir. 2016) (per curiam) (quoting *Hubbard v. Campbell*, 379 F.3d 1245, 1247 (11th Cir. 2004) (affirming dismissal of successive habeas petition for lack of subject-matter jurisdiction)).  Accordingly, the Court will not address whether Petitioner has met the standards for issuance of a Certificate of Appealability.